United States District Court
Southern District of Texas
ENTERED

JAN 1 2 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

**UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS**

MISCELLANEOUS

**B-99-006**

Magistrate No. B-98-3990-M

IN THE MATTER OF        §
THE EXTRADITION OF      §
                           §
MARIA ANTONIETA       §
ESPINOZA-TORRES       §

## ORDER CERTIFYING EXTRADITABILITY AND DIRECTING TESTIMONY TRANSCRIPTION, AND ORDER OF COMMITMENT

This is a proceeding under 18 U.S.C. § 3184 pursuant to a request by the Republic of Mexico for the extradition from the United States to Mexico of Maria Antonieta Espinoza-Torres, under the provision of the Extradition Treaty Between the United States of America and the United Mexican States, May 4, 1978, 31 U.S.T. 5059 [hereafter "Treaty"]. The interests of Mexico were represented by the United States through the United States Department of Justice, by Mark M. Dowd, Assistant United States Attorney for the Southern District of Texas. Maria Antonieta Espinoza-Torres was represented by counsels Gary Ortega & Larry Warner.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On June 22, 1998, the 24th Penal Federal District Judge issued an arrest warrant for Maria Antonieta Espinoza-Torres for the crime of aggravated pandering. On June 29, 1998, warrant for pandering and bribery was issued by the same judge. The Mexican Court's summary of the evidence relied upon in issuing the arrest warrant, as set forth in the indictment and other documents which accompanied the Formal Request for Extradition, alleges that Maria Antonieta Espinoza-Torres managed two brothels in Mexico City, procuring females (including a minor) to perform sexual acts for profit, and retained

ClibPDF - www.fastio.com

such profits from such prostitution.  The indictment and documents further allege Maria Antonieta bribed Juan Marcos Baez Arias, General Director of Investigation, General Division of Judicial Police, Federal District's Attorney General's Office and Jose Luis Garcia-Figueroa, Assistant Director, Pandering Prevention Department, Division of Investigation, General Division of Judicial Police, Federal District's Attorney General's Office by offering them money in order that Maria Antonieta Espinoza-Torres would be allowed to operate her brothels without interference from the authorities.

## ANALYSIS

Under 18 U.S.C. § 3184, et seq., in order to extradite Maria Antonieta Espinoza-Torres, the United States on behalf of the Republic of Mexico, must establish that:

(1)    The judicial officer is authorized to conduct extradition proceedings;

(2)    The court has jurisdiction over the respondent;

(3)    The applicable treaty is in full force and effect;

(4)    There are criminal charges pending in the requesting country;

(5)    The charges are listed under the treaty as extraditable; and

(6)    There is probable cause to believe a crime was committed and the person before the court committed it.

*Bingham v. Bradley*, 241 U.S. 511 (1916); *Zanazanian v. United States,* 729 F.2d 624 (9th Cir. 1984); *United States v. Bar,* 619 F. Supp. 1068, 1070 (E.D. Pa. 1985).

If the court determines that all the elements have been met, the findings are incorporated into a certificate of extraditability.  The certificate is forwarded to the Department of State.  The Secretary of State makes the ultimate decision on whether to

2

surrender the detainee.   18 U.S.C. § 3184, et seq.

The undersigned has authority to hear extradition matters based upon 18 U.S.C. § 3184 and L. R. 15, Local Rules for the Southern District of Texas.   The court has jurisdiction over the detainee.   *See In re Mainero,* 990 F. Supp. 1208, 1216 (S.D. Cal. 1997) (citing *In re Pazienza,* 619 F. Supp. 611 (S.D.N.Y. 1985)).   A certified copy of the Treaty between the United States and Mexico of May 4, 1978, 31 U.S.T 5059 and the declaration of Mary Helen Carlson, an attorney advisor for the State Department was submitted by the United States in support of its position that the Treaty is presently in full force and effect.   The Department of State's opinion is entitled to deference.   *Galanis v. Pallanck,* 568 F.2d 234 (2d Cir. 1977); *Sayne v. Shipley,* 418 F.2d 679 (5th Cir. 1969) *cert. denied,* 398 U.S. 903 (1970).   These issues are not contested by the parties.

Generally contested by Maria Antonieta Espinoza-Torres is whether there is probable cause to believe the charged crimes were committed by Maria Antonieta Espinoza-Torres and whether the charges are currently pending in Mexico.

1.   **Probable Cause**

The Treaty between the United States and Mexico requires that probable cause be measured by the standards established in the requested country.   *See* Treaty Art. 3.   In this case, that means probable cause as defined in federal law.   *Oen Yin-Choy v. Robinson,* 858 F.2d 1400, 1407 (9th Cir. 1988).   The court need only determine whether there is competent evidence to justify holding the detainee for trial, not whether the evidence is sufficient to justify conviction.   *Collins v. Loisel,* 259 U.S. 309, 316 (1922).   Thus, the court determines whether there is "any" evidence establishing probable cause. *United States ex rel Sakaguchi v. Kaulukukui,* 520 F.2d 726, 730-31 (9th Cir. 1975).

An extradition hearing is not a criminal proceeding and the person whose return is sought is not entitled to the rights available in a criminal trial at common law. *Glucksman v. Henkel,* 221 U.S. 508, 512 (1911). Evidence that conflicts with that submitted on behalf of the demanding party is not permitted, nor is impeachment of the credibility of the demanding country's witnesses. *Collins v. Loisel,* 259 U.S. 309, 315-17 (1922). The detainee is permitted to submit explanatory evidence only if the evidence would clearly negate a showing of probable cause. *In re Mainero,* 990 F. Supp. 1208, 1216 (S.D. Cal. 1997) (citations omitted).

In support of extraditability, the United States submitted properly authenticated, certified and translated documents. The documents included affidavits from eyewitnesses; documents seized from the alleged brothels supporting the contention the Maria Antonieta Espinoaa-Torres was actively involved in managing said brothels; the indictment charging Maria Antonieta Espinoza-Torres with the offenses for which extradition is sought; a certified copy of the arrest warrant issued by the Court in Mexico; the text of the legal provisions relating to the elements of the charged offenses, as well as the punishment, and the time limits for such prosecution; and personal information relating to the identity of the Defendant. Such Materials justify the apprehension and commitment for trial of the Defendant for Aggravated Pandering, Pandering & Bribery in Mexico.

Based upon the certified documentary evidence and the testimony of witnesses called by each side, the court finds that there is probable cause to believe that the crimes of aggravated pandering, pandering and bribery occurred on the dates alleged and that Maria Antonieta  Espinoza-Torres committed the crimes.

4

## 2.   Pending Charge

The next issue is whether the above charges are still pending against Maria Antonieta Espinoza-Torres in Mexico. Maria Antonieta Espinoza-Torres' counsel, Mr. Gary Ortega & Mr. Larry Warner, at various times, have proposed that the above charges were no longer pending in Mexico by virtue of the filing of an "amparo[1]" there on her behalf; which they described as a "dismissal of charges" and later as an "acquittal" of the charges. Amparo is "an appeal to a federal court challenging the decision of a subordinate body." Fredrick Englehart, Note, *Withered Giants: Mexican and U.S. Organized Labor and the North American Agreement on Labor Cooperation*, 29 CASE W. RES. J. INT'L L.. 321 (1997). Amparo has no equivalent in United States jurisprudence, but combines aspects habeas corpus, injunction and mandamus. *Id. See also,* Bruce Zagaris, *The Amparo Process in Mexico*, 6 U.S. -Mex. L.J. 61 (1998).

The Government also offered testimony of Alexandro Robledo, Legal Counsel to the Office of the Attorney General for the Federal District. Robledo explained the legal significance of the forms of "amparo" filed relating to the above charges in Mexico and the "amparos" effect upon the pendency of the charges there. Robledo testified that above charges were still pending in Mexico and that no jeopardy has attached to prevent the Defendant's trial in Mexico on the subject charges.

Maria Antonieta Espinoaa-Torres called Lic. Rafael Martinez-Trevino, an attorney who represents her for the charges for which extradition is sought. Lic. Martinez described the legal processes of the Mexican Criminal legal system, including the Amparo

---

[1]The word "amparo" means "protection, favor, or aid." Bruce Zagaris, *The Amparo Process in Mexico*, 6 U.S. -Mex. L.J. 61 (1998) (citing KENNETH L. KARST & KEITH S. ROSENN, LAW AND DEVELOPMENT IN LATIN AMERICA 128 (1975).

ClibPDF - www.fastio.com

system, and the legal process of her case in Mexico. Lic. Martinez confirmed, that notwithstanding the pendency of the "amparos" filed relating to the above charges, the above charges are still pending in Mexico.

Based upon the evidence presented by the parties, the undersigned finds that the subject charges are still pending against Ms. Espinoza-Torres and that the Non bis in idem provision of Article 6 of the Treaty is inapplicable.

### 3. Lack of Dual Criminality

Maria Antonieta Espinoza-Torres has asserted the charges of aggravated pandering and pandering are not extraditable in that neither charge is listed in Title 18 (Federal Criminal Code).

Although dual criminality is required in this case, a requesting country is not obliged to establish that its crimes are identical to ours. *Kelly v. Griffin*, 241 U.S. 6, 15 (1916). If a dual criminality analysis is required, the court should examine the facts and decide whether the fugitive's conduct would have been criminal under our law. The Supreme Court noted in *Collins v. Loisel*, 259 U.S. 309 (1922) that:

> The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the *particular act* charged is criminal in both jurisdictions.

259 U.S. at 312 (emphasis added). Accord, Messina v. United States, 728 F.2d 77 (2nd Cir. 1984); *Cucuzzella v. Keliikoa*, 638 F.2d 105, 108 (9th Cir. 1981); *United States v. Stockinger*, 269 F.2d 681, 687 (2nd Cir. 1959); *Di Stefano v. Moore*, 46 F.2d 308 (E.D.N.Y.), *aff'd*, 46 F. 2d 310 (2nd Cir. 1930), *cert. denied*, 283 U.S. 830 (1931). The court's analysis of the question of dual criminality is subject to the general requirement that

it "approach challenges to extradition with a view toward finding the offense within the treaty." *McElvy v. Civiletti*, 523 F. Supp. 42, 48 (S.D.FLa. 1981).F.2d 333 (5th Cir.), *cert. denied*, 414 U.S. 847 (1973).

In comparing the foreign offense with United States law to decide the question of dual criminality, the magistrate may consider federal law, the law of the state in which the hearing is held, and the law of a preponderance of the states. *Cucuzzella v. Keliikoa*, 638 F.2d 105 (9th Cir. 1981).

The Texas Penal Code criminalizes the charged criminal activities under Sections 43.03, Promotion of Prostitution, a Class A misdemeanor carrying 1 year imprisonment; 43.04, Aggravated Promotion of Prostitution, a Third Degree Felony carrying 2-10 years imprisonment and under 43.05, Compelling Prostitution, a Second Degree Felony carrying 2-20 years imprisonment.

The Court, therefore, finds the charges of aggravated pandering and pandering extraditable offenses.

### 4.    Technical Objections

Maria Antonieta Espinoza-Torres has asserted a series of 'technical' objections to the Formal Extradition Request:

a.    The "Request" is deficient in that, although it contains the text of the legal provision relating to the time limit on the prosecution, it fails to explain such provision.

However, the Court has reviewed the Request, accompanying documents and Treaty and finds the provisions of the Mexican Penal Code relating to the time limits for the prosecution for the above charges are contained within the documents accompanying the Formal Extradition Request as required by the treaty.

b.      The copies of documents submitted within the accompanying documents should not be considered by the Court as they are not certified according to Mexican law nor to the Treaty.

However, without passing upon the merits of Maria Antonieta Espinoza-Torres's claims, the Court finds that 18 U.S.C. 3190 governs the admissibility of documents submitted in extradition cases.  3190 provides that documents certified by the U.S. Ambassador to Mexico as properly authenticated for admissibility in Mexico are admissible in Extradition cases.  The Court has reviewed the original certificate submitted by the U.S. Ambassador to Mexico along with the Formal Request and accompanying documents and finds that such certificate is in place and that such documents were properly certified and admitted into evidence.

Furthermore, Article 10 of the Treaty, governing 'required documents', does not require certified copies of such documents, excepting the foreign issued arrest warrant, which is present.

Accordingly, the Court finds that Maria Antonieta Espinoza-Torres's technical objections are without merit.

Accordingly, this court certifies to the United States Department of State that the detainee, Maria Antonieta Espinoza-Torres, is extraditable.

**IT IS ORDERED.**

1.      This memorandum and Order shall constitute the findings and conclusions of this Court, to-wit, sufficient evidence exists to sustain the pending charges under the provisions of the subject Treaty and that Maria Antonieta Espinoza-Torres is extraditable to the

government of Mexico on the pending charges.

2.    This Order shall constitute the certification of this court's findings to the Secretary of the United States Department of State.

3.    Maria Antonieta Espinoza-Torres is committed, without bond, to the custody of the United States Marshal to await issuance of a warrant, if any, for surrender to the proper authorities.

4.    Maria Antonieta Espinoza-Torres shall be made available at all reasonable times to communicate with her attorneys.

5.    The U.S. District Clerk is directed to arrange for prompt transcription of all testimony and evidence taken before the undersigned, certified as such, and included within the captioned certification.

DATED this __11 TH__ day of January, 1999.

_____
John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com